SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dean Davis, | No. CV 09-1376-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Canteen Supervisor Montijo, et al., | |
| Defendants. | |

Plaintiff Michael Dean Davis, who is confined in the Arizona State Prison Complex, Browning Unit, in Florence, Arizona, has filed a *pro se* a Complaint pursuant to 42 U.S.C. § 1983 with an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 3.)[1] Plaintiff has at least "three strikes" under 28 U.S.C. § 1915(g), and does not allege an imminent danger of serious physical injury. For that reason, the Court will deny the *in forma pauperis* application and dismiss the Complaint and this action.

**I.     "Three Strikes Provision" of 28 U.S.C. § 1915(g).**

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] "Doc.#" refers to the docket number of documents filed in this action.

28 U.S.C. § 1915(g).

Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases which were dismissed before the effective date of § 1915(g) – April 26, 1996 – may be counted as qualifying dismissals or "strikes." Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997). A prisoner barred from proceeding *in forma pauperis* pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

## II. Prior Dismissals

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120. Plaintiff has had at least three prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. See Davis v. Gallagher, No. CV94-1974-PGR (D. Ariz. April 27, 1995) (dismissed for failure to state a claim); Davis v. Warren, No. CV 03-1679-PGR (D. Ariz. Oct. 24, 2003) (same); Davis v. Ryan, No. CV 09-0820-DGC (D. Ariz. April 29, 2009) (same); Davis v. Schriro, No. CV09-0233-DGC (D. Ariz. June 26, 2009) (same); Davis v. Ryan, No. CV09-0649-DGC (D. Ariz. June 26, 2009) (same).

## III. Failure to Allege Imminent Danger of Serious Physical Injury

If a plaintiff has three strikes, as Plaintiff does, he may bring a civil action without complete prepayment of the $350.00 filing fee only if he is in *imminent* danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff's Complaint seeks relief for regarding meals, which are supposed to be heart-healthy. Plaintiff complains of the quantity and quality of meals, particularly religious diets. Plaintiff does not allege facts to support an imminent danger of serious physical injury in his Complaint.

Plaintiff's *in forma pauperis* application will be denied and his Complaint and this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) for failure to pre-pay the $350.00 filing fee. If Plaintiff wishes to reassert these claims in a new case in the future, he must pre-pay the entire filing fee when he files the new action.

**IT IS ORDERED**:

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **denied**. (Doc.# 3.)

(2) Plaintiff's Complaint and this action are **dismissed** pursuant to 28 U.S.C. § 1915(g) without prejudice to Plaintiff filing a complaint in a new case accompanied by the full $350.00 filing fee. (Doc.# 1.)

(3) The Clerk of Court is directed to terminate this action.

DATED this 6th day of July, 2009.

_____
David G. Campbell
United States District Judge